# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LELAND JAMES DODD, | ) |
| | ) |
|     Petitioner, | ) |
| | ) |
| v. | )    Case No. CIV-16-795-R |
| | ) |
| TRACY McCOLLUM, | ) |
| | ) |
|     Respondent. | ) |

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing *pro se*, brings this action pursuant to 28 U.S.C. § 2254 seeking a writ of habeas corpus. (ECF No. 1). Respondent has filed a Motion to Dismiss and Brief in Support (ECF Nos. 13 & 14) alleging a lack of jurisdiction because the petition is "second or successive" and Petitioner failed to obtain prior authorization from the Tenth Circuit Court of Appeals. Petitioner has filed a Response (ECF No. 15). The Court should conclude that the petition is not "second or successive" and **DENY** the Motion to Dismiss.

## I.     BACKGROUND

On February 8, 1991, Petitioner was convicted of two drug-related offenses. (ECF No. 1:1). On Count One, Petitioner was sentenced to life in prison and on Count Two, Mr. Dodd was sentenced to life without parole.[1] On July 29, 1994 and July 11, 1995, respectively, the OCCA affirmed the convictions and affirmed the district court's denial of post-conviction relief. (ECF No. 1:2-3). On October 18, 1995, Petitioner filed a petition in this Court, seeking habeas relief under 28 U.S.C. § 2254. (ECF No. 14-1). In

---

[1] http://www.oscn.net/dockets/GetCaseInformation.aspx?db=oklahoma&number=CF-1990-3070

the petition, Mr. Dodd challenged his conviction on grounds involving Double Jeopardy, Ineffective Assistance of Trial and Appellate Counsel, and a Violation of the Eighth Amendment. (ECF No. 14-1).

On December 3, 2015, Mr. Dodd filed an Application for Post-Conviction Relief in state court, arguing that a November 1, 2015 amendment to the state statute under which he was convicted should be applied retroactively to his case to reduce his sentence. (ECF No. 14-5). The district court denied relief and the OCCA affirmed the denial. (ECF Nos. 14-6; 14-8). Mr. Dodd asserts the same proposition in the instant habeas petition, additionally arguing that not applying the state statute would violate Equal Protection. (ECF No. 1:5). Petitioner states:

> On Nov. 1, 2015 a change to OS 63 (1989) 2-415(D)(3) occurred reducing the minimum penalty. This law must be applied in a retroactive manner to prevent the creation of 2 groups of people. which would be a violation of U.S. Constitution 14th Amendment Protections and would be discriminatory if only aplyed [sic] to one group.

(ECF No. 1:5).

## II.     THE HABEAS PETIITON IS NOT SECOND OR SUCCESSIVE

Respondent urges dismissal for lack of jurisdiction, contending that Mr. Dodd's petition is "second or successive" for which Petitioner failed to seek prior Circuit Court authorization. (ECF Nos. 13 & 14). Mr. Dodd disagrees, arguing that the petition "involves a change in O.S. 63 § 2-415(D)(3) (amended 2015) which could not have been addressed in Petitioner's first Habeas petition." (ECF No. 15:3). The Court should agree with Mr. Dodd and conclude that the petition should not be dismissed for lack of jurisdiction.

Pursuant to 28 U.S.C. § 2244(b), a petitioner may proceed with a second or successive habeas corpus action under section 2254 only in limited circumstances. However, "[b]efore a state . . . inmate[] . . . may file a second or successive habeas petition under 28 U.S.C. § 2254 . . ., the inmate must obtain authorization from the circuit court to proceed[.]" *Stanko v. Davis*, 617 F.3d 1262, 1265 -1266 (10th Cir. 2010) (*citing* 28 U.S.C. § 2244(b)(2), (3)(A)). "If the inmate does not obtain prior authorization, the federal district court has no jurisdiction to consider his § 2254 petition[.]" *Id.* (*citing In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008).

Here, Respondent argues that Mr. Dodd's petition should be dismissed for a lack of jurisdiction because he filed a prior habeas petition in 1995 and failed to seek authorization from the Tenth Circuit Court of Appeals prior to filing the instant petition. (ECF No. 14:4-6). Respondent's argument which characterizes Mr. Dodd's habeas petition as "second or successive" hinges solely on the fact that Petitioner had filed a prior habeas petition. However, it is well-settled that the phrase "second or successive" does not simply "[r]efer to all § 2254 applications filed second or successively in time." *Panetti v. Quarterman*, 551 U.S. 930, 944 (2007) (creating an "exception[n]" to § 2244(b) for a second application raising a claim that would have been unripe had the petitioner presented it in his first application). Indeed, the United States Supreme Court has stated that "the phrase 'second or successive' would *not* apply to a claim that the petitioner did *not* have a full and fair opportunity to raise previously." *Magwood v. Patterson*, 561 U.S. 320, 335 (2010).

3

Although Petitioner is challenging the same judgment and sentence which was the subject of his 1995 petition, he could not have presented the claim that he now asserts, which is based on a November 2015 change in law. While the undersigned makes no determination as to the merits of the claim, dismissal of the petition as "second or successive" would be inappropriate.

## III. RECOMMENDATION

It is recommended that Respondent's Motion to Dismiss **(ECF No. 13)** be **DENIED**.

## IV. NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to file an objection to this Report and Recommendation with the Clerk of this Court by **November 17, 2016**, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

## V. STATUS OF REFERRAL

This Report and Recommendation does not terminate the referral by the District Judge in this matter.

ENTERED on October 31, 2016.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE