# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| LELAND JAMES DODD, | ) |  |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | Case No. CIV-16-795-R |
| TRACY McCOLLUM, WARDEN, | ) | |
| Respondent. | ) | |

## ORDER

Before the Court is the Report and Recommendation of United States Magistrate Judge Shon Erwin, Doc. 25, entered July 26, 2017, and Petitioner's Objection to Report and Recommendation, Doc. 26, filed August 8, 2017. Petitioner's petition under 28 U.S.C. § 2254 challenged the decision of the Oklahoma Court of Criminal Appeals not to resentence Petitioner under an amended state statute. The Magistrate Judge reasoned that this decision neither conflicted with nor involved an unreasonable application of federal law and thus recommended dismissing the Petition. Pursuant to 28 U.S.C. § 636(b)(1)(B), the Court has reviewed the Report and Recommendation de novo in light of Petitioner's objections. The Court fully concurs in the findings, conclusions, and recommendations of the Magistrate Judge.

Petitioner's argument concerns Okla. Stat. tit. 63, § 2-415(D)(3), a statute outlining offenses for drug trafficking. Because Mr. Dodd had two previous drug-related felony convictions when he was sentenced in February 1991, the statute mandated a sentence of

1

life without parole. More than twenty-four years later, in November 2015, the Oklahoma legislature amended the statute to permit a sentence of twenty years to life imprisonment. In his application for post-conviction relief and in his habeas Petition, Mr. Dodd argues he should be resentenced under the now-amended statute (thereby opening the door to a twenty-year sentence rather than his current one of life without parole). The Magistrate Judge disagreed.

Mr. Dodd first argues in his Objection that the legislature created a separate class of persons when it amended the statute, and the state court's refusal to resentence this new class of persons under the amended statute violates the principle of equal protection. Second, he argues that, contrary to the Magistrate Judge's finding, his Petition does in fact concern a matter of constitutional law. Third, he argues Supreme Court precedent dictates that the state court resentence him.

The Magistrate Judge already dismissed these arguments, and the Court fully concurs in and adopts his findings. Regarding his second claim—that his Petition is a matter of constitutional law—the Magistrate Judge found that to be incorrect: his Petition undoubtedly involves the Oklahoma legislature's decision not to make an Oklahoma statute retroactive. *See, e.g., Burleson v. Saffle*, 278 F.3d 1136, 1140 (10th Cir.) (finding that the decision of the Oklahoma Court of Criminal Appeals not to retroactively apply state-law decision was neither "contrary to [nor] an unreasonable application of federal law . . . because whether or not a new rule of state law may be applied retroactively is a pure state law question"). To the extent that Petitioner is now arguing that Supreme Court precedent

requires the state court to apply the statute retroactively, that notion is incorrect for the reasons explained in the Report and Recommendation.

Finally, pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the undersigned denies Petitioner a Certificate of Appealability. When a habeas petition is denied on the merits, Petitioner is entitled to a COA only if he demonstrates "that jurists of reason could disagree with the district court's resolution of his/her constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327, 123 S.Ct. 1029, 154 L.Ed.2d 931, 944 (2003). Petitioner has not made this showing and is therefore not entitled to a COA.

The Court therefore ADOPTS the Report and Recommendation of the Magistrate Judge in its entirety. The Petition for a writ of habeas corpus under 28 U.S.C. § 2254 is DENIED.

IT IS SO ORDERED this 11th day of August 2017.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE